THE WICHITA & WESTERN RAILROAD COMPANY V. BARBARA KUHN.

| | |
|---|---|
| 38 | 675 |
| 39 | 380 |
| 38 | 675 |
| 40 | 600 |
| 40 | 605 |
| 38 | 675 |
| 41 | 602 |
| 42 | 678 |
| 38 | 675 |
| 43 | 374 |
| 38 | 675 |
| 45 | 86 |
| 45 | 534 |
| 45 | 536 |
| 46 | 340 |
| 46 | 357 |
| 38 | 675 |
| 48 | 600 |
| 38 | 675 |
| 50 | 317 |
| 38 | 675 |
| 51 · 413 |
| 38 | 675 |
| 55 | 85 |

EMINENT DOMAIN — *Damages to Property — Evidence — Opinion of Witness.* Upon an appeal from commissioners' award of damages in condemnation proceedings, the court allowed a witness to answer the question, "How much less, in your opinion, is this farm worth after the railroad company had established its track through it, irrespective of any benefits from any improvements proposed by the railroad company to be derived from said track, taking into consideration all incidental loss, inconveniences and damages, present and prospective, which may be reasonably expected or shown to exist from the maintaining of said railroad track, to be continued permanently?" *Held,* error, calling for a new trial, the question virtually asking the witness to decide the case for the jury, and to advise them what their verdict should be.*

### *Motion for Rehearing.*

THE case is stated in *W. & W. Rld. Co. v. Kuhn,* ante, p. 104, *et seq.* The opinion herein was filed at the session of the court in March, 1888.

*Geo. R. Peck, A. A. Hurd,* and *Houston & Bentley,* for plaintiff in error.

*John R. Parsons,* for defendant in error.

*Per Curiam:* On December 10, 1887, this case was decided, and the judgment of the court below was to some extent modified. (*W. & W. Rld. Co. v. Kuhn,* ante, p. 104; same case, 16 Pac. Rep. 75.) Immediately thereafter the plaintiff in error, defendant below, moved for a rehearing upon the ground that the court below erred in the admission of evidence, and that this court misconstrued such evidence. After a re-examination of the case, we are inclined to think that the plaintiff in error is correct. Among the evidence complained of is the following: The plaintiff below introduced the depo-

---

*REPORTER'S NOTE.— Overruling the second paragraph of syllabus, and corresponding part of opinion, in *W. & W. Rld. Co. v. Kuhn,* ante, p. 104.

sition of Rufus J. Razey, which deposition contains the following question and answer, to wit:

"*Ques.*: How much less, in your opinion, is this farm worth after the railroad company had established its track through it, irrespective of any benefits from any improvements proposed by the railroad company to be derived from said track, taking into consideration all incidental loss, inconveniences and damages, present and prospective, which may reasonably be expected or shown to exist from the maintaining of said railroad track, to be continued permanently? *Ans.*: About $2,100."

This question and answer the court below permitted to be introduced over the objection and the exception of the defendant below. The court below certainly should not have permitted this evidence to be introduced. It involved substantially everything that the jury were called upon to determine; and left nothing for the jury to decide. It invaded the province of the jury. It really amounted to letting the witness himself determine by his own *opinion* what the plaintiff's damages were, and the amount which the plaintiff should recover in the action. It had no reference particularly to the market value of the land either before or after the right-of-way was taken; nor any reference to any specific fact which might tend to show what such market value was, or to increase or diminish the same; but it involved all these things and a great deal more. Upon the questions involved in this case we would refer generally to the following authorities: 3 Suth. Dam., ch. 16; *Union Rld. Co. v. Moore*, 5 Am. & Eng. Rld. Cases, 352, note, and cases there cited; *McReynolds v. B. & O. Rly. Co.*, 14 id. 175, note, and cases there cited; *Neilson v. Chicago &c. Rly. Co.*, 14 id. 244, note, and cases there cited; *Grafton & Greenbrier Rld. Co. v. Foreman*, 20 id. 225, note, and cases there cited. We shall also refer to some other authorities. Where the whole of the owner's land is taken in condemnation proceedings, the measure of his damages is the actual value of his land; but where only a portion of his land is taken, as in this case, the measure of his damages is generally

the difference in the value of the land before it was taken and afterward. This rule, though generally correct, is not always so in Kansas, for in Kansas, where the land of another is taken by a corporation for a right-of-way, the damages recoverable under § 4 of article 12 of the constitution, can never be less than the actual value of the property taken. That section reads as follows:

"SEC. 4. No right-of-way shall be appropriated to the use of any corporation, until full compensation therefor be first made in money, or secured by a deposit of money, to the owner, irrespective of any benefit from any improvement proposed by such corporation."

The above question is objectionable for several reasons: It has no particular reference to values or to specific facts, but in effect calls for an opinion of the witness as to what the final determination upon all the facts should be. It is simply permitting the witness to answer what only the jury can properly answer. This cannot be allowed. A witness should not even be allowed to state his opinion with reference to the damages to be recovered. (*Roberts v. The Comm'rs of Brown Co.*, 21 Kas. 248, 253; *Water Co. v. Knapp*, 33 id. 753; *C. & P. Rld. Co. v. Ball*, 5 Ohio St. 568; *A. & F. Rld. Co. v. Burkett*, 42 Ala. 83; *Central Rld. Co. v. Senn*, 73 Ga. 705; same case, 27 Am. & Eng. Rld. Cases, 304; *F. E. & M. V. Rld. Co. v. Whalen*, 11 Neb. 585; same case, 5 Am. & Eng. Rld. Cases, 364.) Also by this question all benefits to the plaintiff's land are to be excluded from the witness's computation or estimate of the amount of damages to be recovered. Whether the jury in rendering their verdict should exclude all benefits or not, it is not necessary to consider in this case. The weight of authority however would seem to be, under constitutions and statutes similar to ours, that all benefits should be excluded in estimating the value of the land actually taken, but that all proper benefits might be considered in estimating the damages to the remainder of the land which is not taken. Some of the decisions in Kansas, however, would seem to favor the exclusion of all benefits in cases like this.

(*St. J. & D. C. Rld. Co. v. Orr*, 8 Kas. 420; *Hunt v. Smith*, 9 id. 137; *Reisner v. Union Depot & Rld. Co.*, 27 id. 382.) But passing from this question without deciding it, we come to the further question whether a witness without testifying either as to specific values or as to specific facts, may estimate damages by "taking into consideration all incidental loss, inconveniences and damages, present and prospective, which may reasonably be expected or shown to exist from the maintaining of said railroad track, to be continued permanently." No rule of law will sustain such a question as this. In the first place, a witness is never allowed to testify *in the lump* with reference to "all incidental losses, inconveniences and *damages*, present and prospective," to occur in all future time, or that have occurred or may occur in any particular time. As before stated, a witness is not even allowed to testify as to *damages*, and generally even juries are not allowed to assess damages for "all incidental losses, inconveniences and damages, present and prospective," which have occurred or may occur. (See authorities above cited.) Generally the damages assessed must be only such as are direct, special and proximate, and not such as are speculative, remote or problematical, or such as affect the public in general and not the plaintiff in particular. (See authorities above cited, and *C. B. U. P. Rld. Co. v. Andrews*, 30 Kas. 594, and cases there cited; *K. C. & E. Rld. Co. v. Kregelo*, 32 id. 609; *Village of Hyde Park v. Dunham*, 85 Ill. 570.)

The judgment of this court heretofore rendered will be set aside, and the judgment of the court below will be reversed, and the cause remanded for a new trial.