## RAZZO v. VARNI et al.*

## No. 11,558; May 28, 1889.

### 21 Pac. 762.

**Trespass—Pleading—Misjoinder.**—A Complaint in Trespass, alleging that defendants entered plaintiff's close, and diverted the waters of his well, and frightened his wife, is not objectionable as presenting a misjoinder of causes of action.

**Trespass—Pleading Justification.**—In such action, where plaintiff shows peaceable possession under a paper title for several years, if defendants have any right of entry, it must be pleaded in justification.

**Trespass — Damages — Evidence.**—In such case, evidence by plaintiff that his loss was $4 per day, estimated on the loss of profits on his crop of vegetables, is incompetent, as being the conclusion of the witness, and not the facts on which an estimate could be made.

**Trespass — Special. Damages—Pleading.**—Such damages were special, and, if recoverable at all, must be pleaded.

APPEAL from Superior Court, City and County of San Francisco; J. F. Sullivan, Judge.

C. Razzo sued N. Varni and others for trespass. His complaint alleged an entry on his close, which was then "the property of, and in the quiet and peaceable possession of, said plaintiff, and then and there, willfully, unlawfully and maliciously, and with force and arms, broke and dug up said close and the soil, earth, and ground of said close, and made a large, long, and deep ditch in said close, and diverted the waters from a certain spring on said close, and converted and appropriated the waters of said spring to their (said defendants) own use, said spring and the waters thereof being then the property of plaintiff; and broke and destroyed a large quantity of rushes then and there growing on said soil, and the property of plaintiff; and frightened and terrorized Catarina Razzo, the wife of plaintiff, whereby she became sick and was injured; and then and there disturbed the plaintiff in the use, possession, and occupation of said close, and

*For subsequent opinion in bank, see 81 Cal. 281, 22 Pac. 848.

prevented him from enjoying the same, as he otherwise would have done; whereby said plaintiff has been injured and damaged in his said close, and in said soil and rushes, and said spring, and the waters thereof, and in the use and enjoyment thereof, and by reason of all which premises aforesaid, said plaintiff is injured and has sustained damages in the sum of $5,000.'' Judgment for plaintiff, and defendants appeal.

M. C. Hassett and Winans & Belknap (J. B. Hannon of counsel) for appellants; T. C. Coogan for respondent.

HAYNE, C.—Action for a malicious trespass in entering with force the plaintiff's close, and diverting the waters of a certain spring. Verdict and judgment for plaintiff. Defendants appeal.

We do not think that the complaint was ambiguous, or that there was any misjoinder of causes of action. The circumstances adverted to by counsel were matters of aggravation, and the defendants must be held to have had no right to enter the close, for the plaintiff proved a peaceable possession under a paper title for several years; and, if defendants had any right of entry for any purpose, they should have pleaded it in justification, which was not done.

But we think there was error in the admission of evidence upon the question of damages. Conceding that where a trespass is malicious or accompanied with circumstances of oppression the damages may be exemplary, nevertheless some of the evidence was not admissible. The plaintiff was called as a witness, and was asked: ''What do you estimate your damages per day from your loss of water from that spring?'' and was allowed to answer that he estimated his damages at about $4 per day. It is apparent from the use of the words ''per day'' that the question called for some continuing damages supposed to result from the trespass. And it is clear from the testimony of the witness that he was speaking of the profits which he thought he would have made from the sale of vegetables which he was of opinion he could have raised upon his land had his supply of water not been lessened by the acts of the defendants. His business was ''that of gardener—furnishing vegetables to the city markets''; and

he says: "Before defendants dug the ditch I grew nice vegetables. Now I have poor vegetables; not worth anything. My garden used to bring me in twice as much as it does now. I raised twice as many vegetables, for then I could irrigate it; but since the ditch was dug I could not." Assuming, as counsel have assumed, that such damages are not too remote and speculative, we think that the question was improper for two reasons: In the first place, it called for a mere conclusion of the witness, and not for facts upon which any rational estimate could be made; and in the second place, the damages, if recoverable at all, were special, and were not pleaded. The rule that special damages must be pleaded is well settled: Potter v. Froment, 47 Cal. 166; Nunan v. San Francisco, 38 Cal. 690; Gay v. Winter, 34 Cal. 162; Stevenson v. Smith, 28 Cal. 103, 87 Am. Dec. 107. There was scarcely any other evidence of pecuniary damage, and we cannot say that the jury did not base their verdict upon this evidence. We therefore advise that the judgment and order appealed from be reversed and the cause remanded for a new trial.

We concur: Belcher, C. C.; Foote, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded for a new trial.