THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. GEORGE MULLER.

1. CONDEMNATION PROCEEDING — *Opinion* — *Error*. In the trial of a case, upon appeal from an award of damages in condemnation proceedings, the court permitted the plaintiff, as a witness, to answer the question: "How much less was the farm worth immediately after the railroad went through, per acre, than it was before?" *Held*, That it was error, as it involved substantially the subject-matter the jury were called upon to determine.

2. CROSS-EXAMINATION — *Values* — *Error in Admitting Statement*. Where a witness is asked, upon cross-examination, a question as to his knowledge of values, and volunteers the following statement: "A neighbor of mine right north of me has one hundred and twenty acres, and was offered six thousand dollars;" and the court refused the request of the defendant to withdraw such statement from the jury, *held*, error.

*Error from Sedgwick District Court.*

THE opinion states the case.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*Sluss & Stanley,* for defendant in error.

Opinion by GREEN, C.: George Muller owns the northwest ¼ of section 28, township 29 south, of range 2, in Sedgwick county. The plaintiff in error condemned a right-of-way for a railroad over said land, and five and twelve-one-hundredths acres were taken, for which the commissioners allowed $439.40. The defendant in error appealed from this award to the district court, and a jury assessed his damages at $800, and a judgment was rendered accordingly. The railroad company excepted, and brings the case here.

I. The first error alleged is in the admission of evidence.

The plaintiff was asked how much less the land was worth immediately after the railroad went through, per acre, than it was before. An objection to this question, on the ground that it called for a conclusion, was overruled, and the witness

was permitted to answer: "Five dollars less an acre." This, with similar evidence, it is claimed, is clearly prejudicial, because it is a statement of the judgment and conclusion which the jury should reach and not the witness; that it was improper to permit the witness to usurp the province of the jury and give his own opinions and conclusions. In the case of *W. & W. Rld. Co. v. Kuhn*, 38 Kas. 675, the following question and answer were held to be erroneous:

"Q. How much less, in your opinion, is this farm worth after the railroad company had established its track through it, irrespective of any benefits from any improvement proposed by the railroad company to be derived from said track, taking into consideration all incidental loss, inconveniences and damages, present and prospective, which may reasonably be expected or shown to exist from the maintaining of said railroad track, to be continued permanently? A. About $2,100."

The court said, with reference to this evidence:

"The court below certainly should not have permitted this evidence to be introduced. It involved substantially everything that the jury were called upon to determine, and left nothing for the jury to decide. It invaded the province of the jury. It really amounted to letting the witness himself determine by his own opinion what the plaintiff's damages were, and the amount which the plaintiff should recover in the action. It had no reference particularly to the market value of the land either before or after the right-of-way was taken; nor any reference to any specific fact which might tend to show what such market value was, or to increase or diminish the same; but it involved all these things and a great deal more. Upon the questions involved in this case we would refer generally to the following authorities: 3 Suth. Dam., ch. 16; *Union Rld. Co. v. Moore*, 5 Am. & Eng. Rld. Cases, 352, note, and cases there cited; *McReynolds v. B. & O. Rly. Co.*, 14 id. 175, note, and cases there cited; *Neilson v. Chicago &c. Rly. Co.*, 14 id. 244, note, and cases there cited; *G. & G. Rld. Co. v. Foreman*, 20 id. 225, note, and cases there cited."

We can see no very great distinction between the two questions; each calls for the opinion and conclusion of the witness, and upon the authority of the cases, *supra*, it was error to

permit the question and answer. (*G. H. & W. R. Co. v. Hall,* 2 Cent. L. J. 456; Elliott, Roads and S. 198; Mills, Em. Dom., § 165; *Ohio &c. Rly. Co. v. Nickless,* 71 Ind. 271; *Dalzell v. Davenport,* 12 Iowa, 437; *Hosher v. Kansas City,* 60 Mo. 320; *Tingley v. Providence,* 8 R. I. 493; *Rockford v. McKinley,* 64 Ill. 338; *Alabama &c. Rld. Co. v. Burkett,* 42 Ala. 83; *Cleveland &c. Rld. Co. v. Ball,* 5 Ohio St. 568; *City of Omaha v. Kramer,* 25 Neb. 489; 41 N. W. Rep. 295; 13 Am. St. Rep. 504.)

II. In the cross-examination of the plaintiff, the question was asked as to what sales had been made in the neighborhood, upon which he based his judgment as to values, and, without being asked, he volunteered this statement: "A neighbor of mine, right north of me, has one hundred and twenty acres, and was offered six thousand dollars." The defendant in error moved that this statement of the witness be stricken out. The request was denied, and a proper exception made. This, we think, was error, and the court should have withdrawn the statement from the jury.

The plaintiff in error complains of certain instructions given and refused, but we see nothing prejudicial in these. While the thirteenth instruction, in relation to damages for the accidental setting out of fires, or the accidental killing of stock, may not have been applicable and supported by evidence, the defendant below was not prejudiced thereby, as the jury allowed nothing for such injuries.

For the reason indicated in the admission of evidence, we recommend a reversal of the judgment.

By the Court: It is so ordered.

HORTON, C. J., and VALENTINE, J., concurring.

JOHNSTON, J.: I agree that there must be a reversal, but I base my conclusion solely on the second ground of error stated in the commissioner's opinion.