THE CHICAGO, KANSAS & NEBRASKA RAILWAY COMPANY
v. I. H. NEIMAN.

EMINENT DOMAIN—*Compensation—Opinion Evidence.* The opinion of a witness giving in the lump the amount of damages, present and prospective, which a land-owner will sustain by the appropriation of a right-of-way for a railroad through his land, is not admissible as evidence. (*W. & W. Rld. Co. v. Kuhn,* 38 Kas. 675, followed.)

*Error from Harvey District Court.*

THE opinion states the case. Judgment for plaintiff *Neiman,* at the January term, 1888. The defendant *Railway Company* comes here.

*M. A. Low,* and *W. F. Evans,* for plaintiff in error.

*Bowman & Bucher,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The Chicago, Kansas & Nebraska Railway Company instituted proceedings to condemn a right-of-way for its railroad through Harvey county. A strip of land through the farm of I. H. Neiman, amounting to $7\frac{24}{100}$ acres, was desired, and the commissioners who had been appointed

appraised the value of the land appropriated at $289.60, and estimated the damages for depreciation and injury to adjoining lands not appropriated at $410, making a total of $699.60. Neiman appealed to the district court, where a trial was had with a jury, and where damages were awarded in the sum of $1,611.70. The principal complaint, and the only one that we need notice, is the admission by the court of incompetent testimony. The following question was asked and the answer given over the objections of the railroad company:

"Q. How much less, in your opinion, was the farm worth after the railroad had established their track through it, irrespective of any benefit to be derived from said track, taking into consideration the damage, present and prospective, the incidental loss, inconvenience, present and prospective, which may reasonably be expected to exist from maintaining the said railroad track, to be continued permanently? A. $2,800 less, or $9,200 afterward."

A substantially similar question was asked another witness, and an objection was made at the time, but the objection was overruled, and the witness answered: "About $1,300."

It is contended by the plaintiff in error, that under these rules the province of the jury was invaded by allowing the witnesses to determine, by their opinions, the exact question that the jury was called to decide. The precise question presented was determined by this court in *W. & W. Rld. Co. v. Kuhn*, 38 Kas. 675. The question asked and answered in that case was almost identical with the one propounded in this, and the court held that the admission of the testimony was erroneous, and that it was virtually asking the witness to decide the case for the jury, and to advise them what their verdict should be. It cannot be said that the error was an immaterial one, as the witnesses differed widely in their opinions of the values of the property and of the damages suffered. The estimates ranged all the way from $800 up to $2,800, and those witnesses who had assumed the functions of the jury, and lumped the damages suffered, were among those who placed the damages at the highest sum. The reasoning

and cases cited in *Railroad Co. v. Kuhn,* supra, are equally applicable here, and must rule in the present case.

We do not deem it necessary to notice the other points that have been discussed in the case.

The judgment will be reversed, and the cause remanded for a new trial.

All the Justices concurring.