THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY
v. JOHN E. WOODWARD, SR.

EMINENT DOMAIN — *Compensation — Opinion Evidence.* In an appeal from an award made in a proceeding to condemn a right-of-way for a railroad over a highway which ran through a tract of land, it was error to permit a witness to state, over objection, what, in his opinion, was the increased burden to the fee of the land by reason of the construction of the railroad over the highway; and also to state how much the land was depreciated in value per acre by reason of the construction and operation of the railroad through the same.

*Error from Saline District Court.*

THE opinion herein, filed May 7, 1892, states the facts.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*Joseph Moore,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an appeal from an award made in a condemnation proceeding. The Chicago, Kansas & Western Railroad Company caused a right-of-way to be condemned over a highway which ran through a tract of land containing about 42 acres, owned by John E. Woodward, sr.; and for the additional burden and servitude there was an award of $599.18.

The principal errors assigned here are upon the admission of testimony. In the examination of Woodward, the following question was asked and answer given:

"Immediately after the condemnation proceedings, suppose the railroad to be there and in full operation, taking into consideration all incidental loss, inconvenience, damages, present and prospective, which may be known or may reasonably be expected to result from the construction and operation of the road in a legal and proper manner, and in doing so you may take into consideration the exact condition in which the road may be at the time when they make the assessment, what do

you say now was the value of the land at that time? [Objection as incompetent, irrelevant, and immaterial. Objection overruled and defendant excepted.] Answer. I think about $30 per acre; I think it decreased the value of the land about $30 an acre. [Motion to strike out the answer as not responsive, and as being incompetent, irrelevant, and immaterial, and not the proper way in which to prove damages. Motion overruled and defendant excepted.]"

The answer of the witness was in effect a determination of the whole question which the jury was called to try. It was not a statement of the market values before and after condemnation, which a competent witness may properly give, but was the mere opinion of the witness that, including all incidental inconvenience and loss, present and prospective, resulting from the construction and operation of the road, the land was damaged to the extent of $30 per acre. This method of proving damages is not permissible.

After showing that the whole of the highway had been appropriated by the railroad company, the same witness was asked: "What is the value of the increased burden on the fee by reason of the construction of the railroad upon that public road?" Over the objection of the company, the plaintiff was permitted to answer that it was worth $250. This testimony is subject to the same objection, and is clearly an invasion of the province of the jury. Under repeated decisions of this court, it is well settled that damages for the taking of a right-of-way through land cannot be proved in this manner. (*Railroad Co. v. Kuhn*, 38 Kas. 675; *Railroad Co. v. Muller*, 45 id. 85; *Railroad Co. v. Neiman*, 45 id. 533.) ·

These are the only matters which we need to consider, but the errors of the court in the admission of testimony require a reversal of the judgment and a new trial of the case.

All the Justices concurring.