## THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. W. H. HOFFMAN.

EMINENT DOMAIN—*Award of Damages—Appeal.* On an appeal from an award, in proceedings to condemn a right-of-way for a railroad over a highway, it was error for the court to permit evidence as to damages to the farm of the plaintiff by reason of the location of another railroad, other than that of the defendant, along the same highway. Upon an appeal from an award in condemnation proceedings by a railroad company, the inquiry is limited to the damages sustained by reason of the location of the railroad of the defendant.

### *Error from Saline District Court.*

ACTION by *Hoffman* against the *Railroad Company* to recover damages for land taken for defendant for a right-of-way. April 14, 1889, there was a judgment for plaintiff,

and defendant comes to this court.   The opinion states the facts.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*Joseph Moore,* for defendant in error.

Opinion by GREEN, C. : Commissioners duly appointed to condemn a right-of-way over a public highway made the following report as to the land of the defendant in error :

"Probable name of owner, W. H. Hoffman ; description of land over which the road is located, west half of northeast quarter section 5, township 14, range 2 west; amount of land taken, 1.02 acres ; value of land taken, $1 ; total, $1 ; all of the land lying within 40 feet of the right-of-way of the Union Pacific Railroad Company, on the south side of the Union Pacific railroad, and used as a public road."

Hoffman appealed from this award to the district court of Saline county.   It was admitted upon the trial that 1.02 acres were taken by the railroad company.   In the examination of one of the witnesses, the following questions were asked and answers given :

"Ques.  Do you know the value of the 1.02 acres of land occupied by the public highway prior to the condemnation of the right-of-way for this railroad — what it was worth, taken in connection with the farm, and considering that it was burdened with an easement or right of the public to use it as a public or county highway?
[Objection, as incompetent, irrelevant, and immaterial. Objection overruled, defendant excepting.]
"Q.  And taking into consideration also the purpose for which that farm was used?   [Same objection, ruling, and exception.]   A.  Yes, sir.
"Q.  You may state what it was worth.   [Same objection, ruling, and exception.]   A.  It was worth $30 per acre.
"Q.  You may state, if you know, what that same acre and two-hundredths was worth immediately after the railroad condemned it for its right-of-way, taking into consideration that the railroad was constructed at that time as it is at the present time?   [Same objection, ruling, and exception.]   A.  It was worth nothing."

We are of the opinion that the questions complained of are subject to criticism, but are not prepared to say that they come within the rule laid down in the case of *C. K. & W. Rld. Co. v. Woodward*, 48 Kas. 599. The inquiry ordinarily should be made as to the market value of the property before and after the condemnation proceedings were had. In this case the damage was the additional burden imposed by the construction and operation of a railroad over the highway. If this was a damage to the farm, the measure of such damage would be the difference in the value of the farm before and after the construction of the road. Where the fee of the highway is in the owner, as in this case, the measure of damage is the same as in other cases of partial taking; that is, the value of the land taken subject to the easement for the highway, and damages to the remainder of the land by reason of taking a part for railroad purposes. The inquiry should have been made as to the value of the land actually occupied by the railroad, taking into consideration the fact that the public had a right thereon for a highway. This was not embraced in the last question. We do not, however, regard this as sufficient error to reverse this case.

The following evidence was given by the plaintiff, over the objection of the defendant:

"Ques. After the location, about the 16th of September, taking into consideration that the railroads were built at that time as they are now, with that fence along the south side, and the gate, and no crossing there over the Santa Fé, what, in your judgment, was the market value of the place at that time? [Objection, as incompetent, irrelevant, and immaterial, and for the reason that it includes any damage that may be occasioned by the location, construction and operation of the Chicago, Kansas & Nebraska railroad. Objection overruled; to which ruling and decision of the court the defendant excepted.] Ans. I do not think it would be worth more than $72 or $73 per acre — say $73 per acre."

Upon this feature of the case the court instructed the jury as follows:

"If you find from the evidence that the Chicago, Kansas

& Nebraska Railway Company built its railroad upon defendant's right-of-way through the plaintiff's farm, without the plaintiff's consent, or by any right acquired by condemnation proceedings, and if you further find that said railroad was built upon such right-of-way with the defendant's consent, then the defendant is liable to the plaintiff in damages, the same as though the defendant had built and operated said railroad itself."

The court refused the following instruction requested by the defendant:

"The plaintiff is not entitled to recover in this case for any damage to his land resulting from the location and operation of the Chicago, Kansas & Nebraska or the Union Pacific railways through his land."

The admission of the evidence, the giving of the instruction and the refusal to give the instruction requested were, in our opinion, error. The plaintiff below introduced in evidence a certified copy of the condemnation proceedings in the case of the Chicago, Kansas & Nebraska Railroad Company, doubtless for the purpose of showing that this company had not condemned a right-of-way over the highway through the plaintiff's land, but this was not evidence that the plaintiff in error was in any way responsible for this or was to respond in damages for the other company. The question to be determined was the damages the plaintiff had sustained by reason of the construction of a railroad by the plaintiff in error. It was the only issue to be tried. Hoffman appealed from the award of the commissioners, and the inquiry was thereby limited to the mere matter of damages he had sustained by reason of the location of the railroad of the plaintiff in error, and the inquiry should have been confined to the damages naturally resulting from the construction of the Chicago, Kansas & Western railroad.

We recommend a reversal of the judgment of the district court, and that a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.

*Per Curiam:* The questions involved in the case of THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY V. THOMAS ALLEY, from the district court of Saline county, are substantially the same as those in the case of *C. K. & W. Rld. Co. v. Hoffman,* just ·decided.   Upon the authority of that case, the judgment in this case will be reversed,.and remanded to the district court with instructions to grant a new trial.