L. D. WELLINGTON ET AL. V. HATTIE M. MOORE.

FILED SEPTEMBER 20, 1893.   No. 4718.

Conversion: DAMAGES: EVIDENCE. Where the action is for the value of property alleged to be wrongfully detained by the defendant, and for damages for such wrongful detention, it is reversible error for the plaintiff, over proper objections, to testify as a conclusion the amount of damages she has sustained independently of the value of such property. RAGAN, C., dissents.

ERROR from the district court of Thayer county. Tried below before MORRIS, J.

*O. H. Scott* and *S. A. Searle,* for plaintiffs in error.

*Manford Savage, contra.*

RYAN, C.

On the 6th day of December, 1888, Hattie M. Moore filed her petition in the district court of Thayer county, Nebraska, in which she claimed, as owner, the immediate possession of certain goods and chattels, which she alleged were wrongfully detained by, and in the possession of, the defendants W. J. Green and L. D. Wellington. In due time an answer in general denial was filed by the defendants. The action was finally tried as one for the conver-

sion of the goods and chattels, and a verdict was rendered in favor of the plaintiff for the sum of $383.75. The defendant Wellington, as constable, justified his possession of the property by the production of executions and judgments in favor of judgment creditors of the husband of Mrs. Hattie M. Moore. As is quite common where the relationship shown exists, the contention was, upon the trial, that the alleged ownership of Hattie M. Moore was fraudulently asserted solely to prevent the application of the property in dispute to the payment of her husband's just debts. In the arguments there has been quite an extended discussion of the sufficiency of the testimony to sustain the verdict. It will suffice to say on this head, that if that was the only question in the case, we are not satisfied that the verdict was so far without support as that the judgment upon the verdict should be reversed. Neither do we find that that result should follow upon the several questions of law urged, except as to the one which we shall presently notice.

The action as tried was for the value of the property alleged to have been converted and for damages incidental to such conversion. In her own behalf the plaintiff was sworn and upon her examination was asked the following question:

Q. You may state what your damages were that you sustained by reason of the taking of these goods, outside the value thereof?

To this question objections were duly made and overruled, to which there was a proper exception; whereupon the plaintiff answered:

A. I think the damages were $500, if not more.

It is obvious that this testimony was not as to a fact; it was as to a conclusion, which rested solely with the jury to find from a consideration of all the facts. It was the testimony of a witness as to damages which she believed that she had suffered, without in any way stating the several

39

items thereof or the grounds upon which she predicated her opinion of the damages testified to by her. The testimony given was clearly incompetent, and no instruction of the court or evidence afterwards given could do away with its effect. This court has already held in a similar case that a question and answer less objectionable than that at bar was incompetent. (See *Burlington & M. R. R. Co. v. Beebe,* 14 Neb., 463.) It follows that the judgment of the district court is

REVERSED.

IRVINE, C., concurs.

RAGAN, C., dissents