THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. MATILDA WILKINSON.

1. DAMAGES —*Opinion Evidence.* A witness ought not to be permitted to state what damages, in his opinion, the plaintiff ought to recover for the injury to or destruction of his goods or other property.

2. LOST BAGGAGE —*Incompetent Evidence.* In an action brought by a passenger against a railroad company to recover damages for injuries to a trunk carried on the train, the statements of the baggagemen, if they do not constitute a part of the *res gestae*, are not binding on the railroad company.

3. TORT—*Damages—Action—Practice.* Where goods or other articles have been damaged by the negligence of a common carrier in their transportation, the owner thereof, accepting and retaining the same, may bring his action against the carrier to recover damages for the tort or wrong by which the goods were injured, but cannot maintain an action to recover, upon a verified account, for the value of the goods so injured.

*Error from Harvey District Court.*

ON the 8th day of April, 1890, *Matilda Wilkinson* commenced her action against *The Atchison, Topeka & Santa Fe Railroad Company*, before a justice of the

peace in Harvey county, to recover $109.25 upon the following verified account:

APRIL 4, 1890.

*The Atchison, Topeka & Santa Fe Railroad Company,*
*To Matilda Wilkinson, Dr.*

January 30, 1890.

| | |
|---|---:|
| To 1 black silk dress, destroyed in transitu | $40 00 |
| To 1 colored silk dress, destroyed in transitu | 40 00 |
| To 1 white embroidered silk dress, destroyed in transitu | 12 00 |
| To 1 French satine, destroyed in transitu | 6 00 |
| To 1 white embroidered skirt, destroyed in transitu | 1 50 |
| To 1 black velvet toqué, destroyed in transitu | 9 00 |
| To 1 necktie, destroyed in transitu | 75 |
| Total | $109 25 |

"State of Kansas, Harvey county, to wit: Matilda Wilkinson, being first duly sworn, says that the foregoing account is just and true, and after allowing all just credits and offsets, there is due her on the said account the sum of one hundred and nine dollars and twenty-five cents ($109.25) from the said defendant.

MATILDA WILKINSON.

"Sworn to and subscribed before me, this the 8th day of April, 1890.—B. P. REED, *Justice of the Peace.*"

After judgment was rendered before the justice of the peace, an appeal was taken to the district court of Harvey county. Trial had before the court, with a jury. The jury returned a verdict in favor of the plaintiff and against the defendant for $100.21, and also made special findings of fact. The railroad company filed its motion for a new trial, which was overruled. Judgment was rendered upon the verdict. The railroad company excepted, and brings the case here.

*A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.
*Rohrbaugh & Rauch,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Upon the trial the plaintiff below was permitted to testify to the amount of damages

caused to her dress and other articles described in the account sued on. This evidence was objectionable and should not have been received. A witness is not permitted to state his or her opinion with reference to the damages to be recovered. (*Railroad Co. v. Muller*, 45 Kas. 85 – 87; *Railroad Co. v. Kuhn*, 38 id. 675; *Railroad Co. v. Ross*, 40 id. 605.) The admission of this evidence is conceded to be erroneous, but it is claimed that it was cured because Mrs. Cooper, a dressmaker, testified properly as to the value of the articles sued for. The evidence improperly admitted was material, and we cannot say from the record that it was not prejudicial.

Again, it was error for the trial court to permit the plaintiff below to testify to the statements made by Mr. Walsh, the baggage agent of the railroad company, concerning alleged statements of the baggagemen to him about the trunk. (*Tennis v. Rapid Transit Rly. Co.*, 45 Kas. 503; *Adams v. H. & St. J. Rld. Co.*, 74 Mo. 553, 556; *Wellington v. B. & M. Rld. Co.*, 33 N. E. Rep. [Mass.] 393; *Carroll v. E. T. V. & G. Rly. Co.*, 41 Am. & Eng. Rld. Cas. 307, 310, 311; *N. H. Rld. Co. v. May*, 27 id. 152, 153; *Hough v. Doyle*, 4 Rawle, 291, 294; *Luby v. H. R. Rld. Co.*, 17 N. Y. 131; *Pa. Rld. Co. v. Brooks*, 57 Pa. St. 339, 343.) The declarations of the baggagemen, unless they constituted a part of the *res gestae*, do not bind the company.

The bill of particulars contains a verified account, but the court seems to have treated the case on the trial as an action to recover damages occasioned by a tort. A party may waive a tort and sue on an account for the value of articles taken, or which in some way have been of benefit to the defendant; but where goods have been damaged and retained by the owner, if he

wishes to recover damages, he must bring his action for the tort or wrong by which the goods were injured.

The judgment will be reversed, and the cause remanded for a new trial.

All the Justices concurring.