(February 3, 1911.)

H. E. JENKINS, Respondent, v. THE COMMERCIAL NATIONAL BANK OF ST. ANTHONY, a Corporation, Appellant.

[113 Pac. 463.]

DAMAGES—WRONGFUL FORECLOSURE OF CHATTEL MORTGAGE—INSUFFICIENCY OF COMPLAINT — IMPROPER EXAMINATION OF WITNESS — ATTORNEY'S FEES.

(Syllabus by the court.)

1. In an action for damages where the complaint as a whole states a cause of action, and a demurrer is filed to the entire cause of action, it is not error for the trial court to overrule such demurrer, even though the facts stated as to a particular item of damages are insufficient to entitle the plaintiff to recover for such particular damage.

2. In an action for damages it is error for the trial court to permit such questions to be asked a plaintiff as, "In what way were you damaged by reason of your horses being taken, by reason of the

foreclosure of this mortgage?" "Tell us how you were damaged." "State to the jury what damages you sustained by reason of the foreclosure of this mortgage." "Could you give an idea?" "State how you were damaged by reason of the foreclosure of this mortgage."

3.   When, however, improper questions are asked, and the answers are so indefinite and general that the jury could in no way have been aided, influenced or misled by such answers, the judgment will not be reversed solely because of the error of the court in permitting such questions to be answered.

4.   The expense for loss of time and the expense of employing counsel in advising the method to be pursued by the mortgagor in resisting the foreclosure of a chattel mortgage, where it is claimed by the mortgagor that the debt has been paid, cannot be recovered in such action or in an independent action brought for the purpose of recovering such damages.

5.   Attorney's fees cannot be recovered in an action unless authorized by statute or by express agreement of the parties, except in extreme cases where there is wilful wrong, gross negligence or fraud.

6.   Findings of fact and conclusions of law are not required where the cause is tried to a jury, and are only required upon the trial of questions of fact by the court.

APPEAL from the District Court of the Sixth Judicial District of the State of Idaho, in and for the County of Fremont.   Hon. James M. Stevens, Judge.

An action for damages for the wrongful foreclosure of a chattel mortgage.   Judgment for plaintiff.   Judgment *modified*.

Soule & Soule, for Appellant.

The line of testimony and questioning admitted in this case has been so uniformly held reversible error that it has become fundamental in our law.   (*Axtell v. M. P. Ry. Co.*, 9 Ida. 392, 74 Pac. 1095; *McKissick v. O. S. L. Ry. Co.*, 13 Ida. 195, 89 Pac. 629; *Hays v. Windsor*, 130 Cal. 230, 62 Pac. 395; *Atchison T. S. F. Ry. Co. v. Wilkinson*, 55 Kan. 83, 39 Pac. 1043; *Wellington v. Moore*, 37 Neb. 560, 56 N. W. 200; *Tenney v. Rapid City*, 17 S. D. 283, 96 N. W. 96.)

The courts are unanimous in holding that attorney's fees are not allowable as an element of damage in a case of this kind.   (*Oelrichs v. Spain*, 15 Wall. (U. S.) 211, 21 L. ed. 43;

*Boardman v. Marshalltown Grocery Co.,* 105 Iowa, 445, 75 N. W. 343; *Hays v. Windsor,* 130 Cal. 230, 62 Pac. 395; *Bull v. Keenan,* 100 Iowa, 144, 69 N. W. 434; *Joslin v. Teats,* 5 Colo. App. 531, 39 Pac. 349; *Dorris v. Miller,* 105 Iowa, 564, 75 N. W. 482; *Irlbeck v. Bierle,* 84 Iowa, 47, 50 N. W. 36.)

This has always been the rule from the earliest decisions to the present time, except in a very few states in a very few cases, where fraud, wilful wrong or deceit is pleaded and proved. (13 Cyc. 79, 80; *Bull v. Keenan, supra; Spencer v. Murphy,* 6 Colo. App. 453, 41 Pac. 841; *Goodbar v. Lindsley,* 51 Ark. 380, 14 Am. St. 54, 11 S. W. 577; *Boardman v. Marshalltown Grocery Co., supra.*)

The plaintiff was not entitled to recover any of the items which he expended in this litigation.

Millsaps & Miller, for Respondent.

It must be conceded that this action is the same as an action for damages where a wrongful attachment has been issued and a person's property has been wrongfully attached under the same. That person is entitled to recover all the damages sustained by reason of the wrongful attachment of his property, and this would include the reasonable use of the property attached, his loss of time and expense in procuring a dissolution of the attachment and the release of the property, and also the attorney's fees paid in securing a dissolution of the attachment- and a release of the property. The same rule of law applies as to damages in wrongful attachments, wrongful injunctions and wrongful foreclosure of chattel mortgages. (*Tootle v. Kent,* 12 Okl. 674, 73 Pac. 310; *Kyd v. Cook,* 56 Neb. 71, 71 Am. St. 661, 76 N. W. 524; *Tyler v. Safford,* 31 Kan. 608, 3 Pac. 333; *McGill v. Fuller & Co.,* 45 Wash. 615, 88 Pac. 1038; *Fry v. Estes,* 52 Mo. App. 1.)

STEWART, C. J.—This is an action brought to recover an alleged sum of money claimed to have been paid by the plaintiff to the defendant under protest upon proceedings to foreclose a chattel mortgage, and for damages alleged to have been sustained by the plaintiff for the alleged wrongful proceed-

ings in foreclosing said chattel mortgage. The case was tried to a jury and a verdict rendered in favor of the plaintiff for the sum of $239. The court also made findings of fact and conclusions of law, and rendered a judgment on the verdict and findings in favor of the plaintiff for the sum of $239.29, with interest and costs. A motion for a new trial was made and overruled. This appeal is from the judgment and also from the order denying and overruling the defendant's motion for a new trial.

The first question presented on this appeal is the action of the court in overruling the demurrer to the complaint. The facts alleged in the complaint are in substance as follows: That on January 14, 1909, the plaintiff executed a promissory note to the defendant for the sum of $1,000, and gave as security for the same a chattel mortgage upon 150 head of horses; that about September 14, 1909, there was due and unpaid upon said note and mortgage the sum of $438.30; that the plaintiff on said date, at the Commercial National Bank at St. Anthony, Fremont county, state of Idaho, tendered to said defendant in payment of said sum, $438.30 in lawful money of the United States, and requested and demanded the cancellation and release of said mortgage, and that the defendant refused said tender, and refused and neglected to cancel or deliver up said note or release said mortgage; that on October 1, 1909, the defendant commenced the foreclosure of said chattel mortgage by affidavit and notice, and that the sheriff, under notice, seized and took into his possession a portion of said property described in the mortgage, and threatened to seize and take into his possession the remainder of said property for the purpose of selling the same to satisfy said mortgage claim consisting of $475 principal, and $18 interest, and $75 attorney's fees and costs of foreclosure; that in order to prevent the sheriff from taking into his possession said mortgaged property, and to save expense and costs, the plaintiff on October 5, 1909, paid to the said sheriff, under protest, for the use and benefit of the plaintiff, the sum of $475 principal, $18 interest, and $75 attorney's fees and $9.50 costs, making a total of $577.50, when in fact and truth there

was only due to the said defendant upon said note and mortgage the sum of $438.30, which the plaintiff had before tendered to said defendant; that the money so paid said sheriff has been turned over to the said defendant.

As a second cause of action the complaint alleges, among other things, "That by reason of the foreclosure of said chattel mortgage by the defendant, and the seizure and taking of said horses by the said sheriff, under and by virtue of said affidavit and notice, as aforesaid, the plaintiff lost the use of said horses from the second day of October to the 5th day of October, 1909, and also by reason thereof lost a contract for the hauling of beets, which he otherwise could have secured, and was also compelled to and did employ attorneys to look after and protect his interests, and lost several days of his own time to his damage and injury in the sum of $250."

The defendant demurred to the complaint upon the following grounds: First, that said complaint, and the whole of it, does not state facts sufficient to constitute a cause of action. Second, that the first alleged cause of action set out in plaintiff's complaint does not state facts sufficient to constitute a cause of action. Third, that the second alleged cause of action set out in plaintiff's complaint does not state facts sufficient to constitute a cause of action. Fourth, that said complaint is uncertain in this, that it cannot be determined therefrom what the nature of the damages complained of consists of.

The defendant also moved to strike out of the plaintiff's amended complaint, on the ground that the same is immaterial, irrelevant and redundant matter, paragraph 2 of plaintiff's second cause of action, for the reason that the matters therein alleged are not proper elements of damage, are too remote, and are not the approximate result of the acts of the defendant complained of.

The demurrer and the motion were overruled, and this is assigned as error. It will be observed that the first ground of demurrer goes to the entire complaint, and the second ground goes to the sufficiency of the facts alleged in the first cause of action. There is no argument on the part of appellant but what the facts stated in the first cause of action are

sufficient. The court, therefore, committed no error in over-ruling the first and second grounds of demurrer. The third and fourth grounds of demurrer go to the second cause of action, and are directed to the entire cause of action, and not to any particular item of damage alleged in said cause of action. The loss of the use of plaintiff's horses from October 2, 1909, to October 5, 1909, by reason of the seizure by the sheriff, was certainly a proper element of damage, and whether the other items, to wit, the loss on a contract for the hauling of beets and for attorney's fees were proper elements of damage, would not make the cause of action as a whole subject to the demurrer for want of facts, or be uncertain as to the damages alleged to have been sustained for the loss of the use of said horses for the alleged time. For this reason alone, the court did not err in overruling the demurrer.

What has been said with reference to the demurrer also applies to the motion to strike. If defendant desired to raise the sufficiency of the allegation with reference to damages sustained by reason of the loss on a contract for the hauling of beets and for attorney's fees, he should have demurred to such cause of action because of the insufficiency of these particular items of damages, or moved to strike out the same because irrelevant, immaterial and insufficient to constitute a cause of action or any part of a cause of action, but this was not done. The court committed no error in denying the motion to strike.

It is next urged that the court erred in permitting the plaintiff to answer the following questions: "What did you tell the sheriff at that time?" This question was proper, as it related to the protest made by the plaintiff at the time he made payment to the sheriff. When the plaintiff was upon the witness-stand he was asked a number of questions as follows: "In what way were you damaged by reason of your horses being taken, by reason of the foreclosure of this mortgage?" "Tell us how you were damaged." "State to the jury what damages you sustained by reason of the foreclosure of this mortgage." "Could you give an idea?" "State how you were damaged by reason of the foreclosure of this mortgage." Objections were made to all these questions as incompetent,

irrelevant and immaterial, and too general, and that they called for a conclusion, were indefinite and speculative, etc. These questions clearly were erroneous, as such questions did not call upon the witness to give a statement of facts, but his opinions and conclusions. (*Axtell v. M. P. Ry. Co.,* 9 Ida. 392, 74 Pac. 1075; *McKissick v. O. S. L. Ry. Co.,* 13 Ida. 195, 89 Pac. 629; *Hays v. Windsor,* 130 Cal. 230, 62 Pac. 395; *Atchison T. & S. F. R. Co. v. Wilkinson,* 55 Kan. 83, 39 Pac. 1043; *Wellington v. Moore,* 37 Neb. 560, 56 N. W. 200.)

In most cases the ruling of the trial court upon objections made to these questions would call for a reversal of the case, but in this case, when we look to the answers made to the questions, we are clearly of the opinion that the answers are so indefinite and general that the jury could in no way have been aided, influenced or misled by such answers. As an illustration: In answer to the question, "In what way were you damaged by reason of your horses being taken, by reason of the foreclosure of this mortgage?" the answer of the witness was: "I was damaged in losing the use of the horses and in running around trying to get money." In answer to the question, "State to the jury what damages you sustained by reason of the foreclosure of this mortgage," the answer of the witness was: "I could not say how much I was damaged; I was damaged more really than I am asking for; I had to sell four head of horses to get the money; I could not tell how much I was damaged." In answer to the question, "Could you give an idea?" the witness answered: "I think I was damaged $250 or more." And in answer to the question, "State how you were damaged by reason of the foreclosure of this mortgage," the witness answered: "I was damaged in losing the use of the horses and in running around trying to get money."

These questions call for opinions of the witness and not for a statement of the facts, and should not have been permitted to be answered by the witness. These questions all called for testimony in support of the allegations contained in the second cause of action, but in relation to damages which are not recoverable in this class of cases. The loss of time and the

expense incurred in the employment of counsel in defending litigation cannot be recovered in the action in which such expense is incurred as costs, neither can such expenses be recovered in an independent suit for that purpose.

When the sheriff in this instance took possession of the plaintiff's property under the foreclosure proceedings, the statute provided a remedy by which the plaintiff could have contested the right of the mortgagee to foreclose the mortgage (Rev. Codes, sec. 3418), and if that action had been commenced by the plaintiff, it is clear that the plaintiff could not have recovered in that action the loss of his time in defending said suit, or the expense incurred in employing counsel. If he could have recovered such expense in that suit, he certainly could not recover the same in an independent suit, such as is the case now under consideration. It is the general rule that attorney's fees cannot be recovered in an action unless authorized by statute or by express agreement of the parties. There are, however, exceptions to this general rule, in the case of fraud, wilful wrong or gross negligence. (13 Cyc., pp. 79, 80; *Hays v. Windsor*, 130 Cal. 230, 62 Pac. 395; *Boardman v. Marshalltown Groc. Co. et al.*, 105 Iowa, 445, 75 N. W. 343; *Spencer v. Murphy*, 6 Colo. App. 453, 41 Pac. 841.)

If these items of alleged damage are to be excluded, then the only evidence tending to support the second cause of action is the evidence showing that the plaintiff lost the use of six head of horses for five days, and that the use of such animals was reasonably worth to the plaintiff the sum of $1.50 each per day. This would make $45, which the evidence shows was established in support of the allegations of the second cause of action. The evidence also shows very clearly that the plaintiff was compelled to and did pay to the sheriff, for the purpose of having said sheriff release the mortgaged property from seizure, and as claimed to be due upon the same, under protest, the sum of $577.50, made up of the following items: $475, principal; $18, interest; $75, attorney's fees; and $9.50, costs, when in truth and in fact there was

due only the sum of $438.45, which had been previously tendered by the plaintiff to the bank in satisfaction of said mortgage, and which the bank refused to accept, or release said mortgage. By such compulsory payment it appears that the plaintiff paid $139.05 in excess of the amount due upon the mortgage. This together with the damage proven upon the second cause of action would make $184.05—total damages proven upon the trial, and for which the judgment should be given.

In view of the nature and character of this action and the small amount involved, and the danger of unnecessary and useless expense being incurred in litigating the same, and the manner in which the record in this case is presented to this court, we are inclined to believe that the ends of justice would be best served by a modification of the judgment and a direction as to the judgment to be entered. There are a number of instructions in the record which counsel for appellant argues most strenuously are erroneous, and some of which we are inclined to think are against the law, but from the manner in which the record is presented to this court it is impossible for this court to determine what instructions were given by the court. The instruction appearing in the record which told the jury that the plaintiff was entitled to recovery on the second cause of action for loss of time and attorney's fees is clearly erroneous, as heretofore indicated.

It appears that, notwithstanding the verdict of the jury, the court also made findings of fact and conclusions of law, and based its judgment both upon the verdict of the jury and the findings of fact and conclusions of law. The statute in this state does not require findings by the court when a cause is tried to a jury. The verdict of the jury is the finding upon which judgment should be rendered. Findings are made by the court only upon the trial of questions of fact by the court. (Rev. Codes, sec. 4406.) But in this case the findings having been in accordance with the verdict and for the same amount, and judgment having been based upon the verdict, it cannot affect the validity of the judgment.

The judgment is *modified,* and the trial court is directed to enter judgment in favor of the respondent for the sum of $184.05 and costs.  The costs of this appeal are awarded to the appellant.

'Ailshie and Sullivan, JJ., concur.