CHICAGO, R. I. & P. RY. CO. v. TEESE.

No. 3476.   Opinion Filed May 12, 1914.

(140 Pac. 1166.)

**EVIDENCE—**Quantum of Damages—Conclusions.   In an action against a railroad company for damages for personal injuries, it is prejudicial error to allow the plaintiff to testify as to the quantum of damages sustained, as it is an invasion of the province of the jury.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Johnston County;*
*Nick Wolfe, Judge.*

Action by G. E. Teese against the Chicago, Rock Island & Pacific Railway Company.   Judgment for plaintiff, and defendant brings error.   Reversed and remanded.

This is an action brought by plaintiff for personal injuries, asking judgment for $1,000, against the defendant, the Chicago, Rock Island & Pacific Railway Company.   The material allegations of the plaintiff's petition are as follows:

"Second.   That on or about the 28th day of March, 1910, the defendant employed plaintiff as a laborer to help other employees of said defendant to construct and repair its bridges. Third.   That on said day, while at work on the Washita bridge near the town of Tishomingo, Okla., for defendant company, its foreman and employees, under the instruction and by the direction of said foreman, carelessly and negligently, and without any negligence on the part of the plaintiff, rolled upon the right foot of plaintiff a large bridge timber, weighing no less than 1,000 pounds and breaking the big toe on plaintiff's right foot, and caused this plaintiff to lose about two months' time from work, which was well worth the sum of $150, and caused plaintiff great physical pain during said time.   Fourth. Plaintiff states that said toe has never to this time wholly recovered its original strength and usefulness, and that it never will be as useful to him as it was prior to the time when defendant company through its negligence broke it.   That it has been permanently injured, and by reason of said injury this plaintiff has been damaged in the further sum of $750.   Fifth.   That said large toe because of said in-

jury is crooked and deformed, although plaintiff did all he could to prevent said deformity. Sixth. That because of said deformity, impaired usefulness of said toe, physical suffering, loss of time from work, occasioned, as above set out, through negligence of the employees and agents of defendant company, the plaintiff has been greatly damaged, namely, in the sum of $1,000."

An answer was filed in the form of a general denial, together with other defenses; the cause was tried on the 25th day of March, 1911, resulting in a judgment against the defendant in the sum of $750. The plaintiff offered evidence as to the quantum of damage measured by dollars and cents, which was admitted in evidence over the objection of the defendant. Motion for new trial was overruled, and the cause brought here for review.

*C. O. Blake, H. B. Low, R. J. Roberts,* and *W. H. Moore,* for plaintiff in error.

*P. B. H. Shearer,* for defendant in error.

Opinion by RITTENHOUSE, C. (after stating the facts as above). Plaintiff in error will be designated as defendant, and defendant in error will be designated as plaintiff, in accord with their relative titles in the trial court.

The defendant has assigned numerous errors, but in the view we take of this case it will only be necessary to consider one of them.

The attorney for plaintiff was permitted to ask, and the plaintto answer, over objections on the part of the defendant, the following questions:

"Q. You are asking $1,000 damages in this case. How do you arrive at the amount of damages which you have sustained? (Objection by the defendant because not the proper method of proving damages, and it is immaterial for witness to state how he arrived at the amount. Objection sustained.) Q. How much do you consider that you have been damaged? (Objection.)

"The Court: That is improper, it strikes me.

"Mr. Shearer: I was trying to get at it specifically. (Objection sustained.)

"Mr. Shearer: Will the court or counsel tell me the proper form to put the question in?

"The Court: No; that is your business.

"Mr. Shearer: I thought so.

"Q.  Have you been out any money in this matter, expenses?  A. Well, some.

"The Court:  Well, how much, Mr. Witness?  A. I was out the doctor's dressing my toe.  Q. What doctor?  A. Dr. Caton at Ravia.  Q. Was that after you returned from McAlester?  A. Yes, sir.  Q. How much was that?  A. $4, I think.  Q. Nothing for medicine?  A. No, sir.  Q. How much do you estimate your physical and mental suffering worth?  (Objection by the defendant because incompetent, irrelevant, and immaterial and calling for a conclusion from the witness.)  Q. State what your mental suffering was and the physical pain.  A. Well, I can hardly say as to how much I suffered, but I suffered a lot.  Q. Well, what do you think it was worth?  (Objection by defendant because incompetent, irrelevant, and immaterial and calling for a conclusion of the witness, and not the proper way to prove amount of damages.  Defendant's objection overruled, to which it excepts.)  Q. How much was it worth to you to have to go through that suffering?  (Objection by the defendant because incompetent, irrelevant, and immaterial, and calling for a conclusion of the witness and not the proper way to prove amount of damages.)  A. I would not want to go through the same experience again.  (Motion to strike sustained.)  Q. Now state how much you have been damaged.  A. $750 all told.  (Objection by defendant because the question is incompetent, irrelevant, and immaterial, calling for a conclusion of the witness and not the proper way to prove the amount of damages.  Objection overruled.  Exception by defendant.)  A. I don't know that I still understand the question.  Q. How much was it worth to you to undergo the agony and suffering that you underwent?  (Defendant objected to the question as incompetent, irrelevant, and immaterial, calling for a conclusion of the witness, and not the proper way to prove the amount of damage.  Objection overruled.  Defendant excepts.)  A. It was worth $100 at the least.  Q. How much have you been damaged by the permanent injuries of the toe as to injuring your ability to make a livelihood, and influencing your ability to travel about on foot?  (Defendant objects because incompetent, irrelevant, and immaterial, calling for a conclusion of the witness, and not the proper way to prove the amount of damages.  Overruled.  Exception allowed defendant.)  A. Well, as I stated a while ago, I think it is worth $750 at the least."

It is apparent that this testimony was not as to a fact, but as to a conclusion.  In an action of this character, the plaintiff would be allowed to state facts showing the extent of the damage

and other pertinent matters, but it was error for the court to allow the plaintiff to measure his damage in dollars and cents. Such testimony could only be conclusions of the witness and an invasion of the duties belonging to the jury.

It has been held in numerous cases that a witness is never permitted to establish the quantum of damage which a party may have sustained, as it is the province of the jury to arrive at the damage sustained from the evidence. Nothing could be accomplished by testimony of such opinions and conclusions, except to invade the province of the jury.

In the case of *Little Rock, M. R. & T. Ry. Co. v. Haynes,* 47 Ark. 497, 500, 1 S. W. 774, 775, the court said:

"After detailing the nature and extent of his injuries, and the circumstances under which he was struck, the plaintiff was asked this question: 'Taking into consideration the amount you have expended in attempting to cure yourself of your injuries, the present and prospective condition of your leg, the bodily pain and mental anguish, the time you have lost from your labor, your inability to labor and follow and attend to your business affairs in the future, how much were you damaged by the injury? Plaintiff answered: $4,500.' To the question and answer defendant objected, and, his objection being overruled, defendant at the time excepted. The impropriety of such a line of examination was pointed out by this court, nearly 40 years ago, in *Pierson v. Wallace,* 7 Ark. 282. This is one of the few subjects upon which there is absolutely no conflict in the authorities. A witness is never permitted to estimate the amount of damages which a party has sustained by the doing or not doing of a particular act. That is the province of the jury, and a witness cannot be allowed to usurp it. He may state facts showing the extent of the damages, and any other pertinent matters. But the measuring of the amount of damages in dollars and cents is not a fact. It is a matter of opinion or speculation."

In the case of *Burton v. Severance,* 22 Ore. 91, 29 Pac. 200, the court had under consideration the following question and answer:

" 'How much have you been damaged on account of all the inconvenience and trouble that you have been put to in loss of time, labor, and so forth, by reason of this obstruction? How much have you been damaged in not being able to come to the post office, and bring down your wood and your flour, and the

general use of the river, up to the time this suit was brought?·
*   *   *   A. Well, about $1,300, I think; that is what I think
I ought to have.' "

The court, in passing upon the objection to this testimony,
said:

"In the case at bar the witness should have stated facts—
what she had seen and knew in respect to the matters in issue
—and from those facts left the jury to draw the inferences or
form an opinion. It is clear the evidence was improperly ad-
mitted, for as Dargan, C. J., said: 'I have not been ·able to find
any case that holds the opinions of witnesses as to the quantum
of damages resulting from any act competent proof.' *Railroad
Co. v. Varner,* 19 Ala. 187."

Other cases on the subject are *Chandler v. Bush,* 84 Ala.
102, 4 South. 207; *Razzo v. Varni,* 3 Cal. Unrep. 94, 21 Pac.
762; *Old v. Kenner,* 22 Colo. 6, 43 Pac. 127; *Hartley et al. v.
Keokuk & M. W. Ry. Co.,* 85 Iowa, 455, 52 N. W. 352; *A., T.
& S. F. Ry. Co. v. Wilkinson,* 55 Kan. 83, 39 Pac. 1043; and
cases cited; *Howell v. Medler,* 41 Mich. 641, 2 N. W. 911;
*Wellington v. Moore,* 37 Neb. 560, 56 N. W. 200; *Tenney v.
Rapid City,* 17 S. D. 283, 96 N. W. 96; *Webster v. White,* 8 S.
D. 479, 66 N. W. 1145; *Norman v. Wells,* 17 Wend. (N. Y.)
136; *Midland Valley R. Co. v. Ezell,* 36 Okla. 517, 129 Pac. 734;
*Tootle, Wheeler & Motter v. Kent et al.,* 12 Okla. 674, ·73 Pac:
310.

No case has been cited by counsel for plaintiff where the
evidence of opinions or conclusions as to the quantum of damage
sustained in a personal injury case has ever been upheld as legal.

The jury evidently followed the testimony of plaintiff in ar-
riving at their verdict; and, inasmuch as that evidence was irrele-
vant and incompetent as to the quantum of damage, its admission
was necessarily prejudicial to the defendant.

The judgment, therefore, should be reversed and remanded
for a new trial.

By the Court: It is so ordered.