## WICHITA FALLS & N. W. RY. CO. v. STACEY.

### No. 3844.   Opinion Filed April 13, 1915.

#### (147 Pac. 1194.)

**APPEAL AND ERROR—Verdict—Evidence—Instructions.** Where there is competent evidence reasonably tending to support the verdict, and the court in its instructions fairly states the law arising upon the issues joined, the judgment appealed from will be affirmed.

(Syllabus by Galbraith, C.)

*Error from County Court, Jackson County;*

*B. N. Woodson, Judge.*

Action by C. H. Stacey against the Wichita Falls & Northwestern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*C. C. Huff, Tisinger & Clay* and *Robinson & Hamilton,* for plaintiff in error.

*Lawson & Dabney,* for defendant in error.

GALBRAITH, C. The defendant in error commenced this action before a justice of the peace to recover damages from the plaintiff in error, charged to have been sustained by reason of an overflow of surface water due to the negligent construction of its roadbed, and failure to maintain proper drains and culverts.

The amount claimed was $67.75. The cause was tried to the justice, and a verdict returned for the plaintiff for $45. An appeal was taken to the county court, and the cause tried to the court and a jury, and a verdict returned for the plaintiff for the full amount claimed. To reverse this judgment the defendant has perfected an appeal to this court.

It is contended that the trial court erred in overruling a demurrer to the bill of particulars, and also in overruling a

demurrer to the plaintiff's evidence. Neither of these contentions are well taken. While the bill of particulars is not perfect, still the necessary elements of a cause of action are stated therein. There was also sufficient evidence of damages to support the allegations of the petition, and the demurrers were therefore properly overruled.

It is again complained that the court in its instructions misstated the law, and refused to give instructions requested by the defendant which correctly stated the law arising upon the issues in the case. With this contention we cannot agree. The instructions given the jury by the court embraced a reasonably fair statement of the law of the case, and the instructions requested by the defendant were not a fair statement of the law under the decisions of this court.

The law applicable to the control and disposition of surface water in the state of Oklahoma has been announced in a number of well-considered cases heretofore decided by the court. See *C., R. I. & P. R. Co. v. Groves,* 20 Okla. 101, 93 Pac. 755, 22 L. R. A. (N. S.) 802; *Town of Jefferson v. Hicks,* 23 Okla. 688, 102 Pac. 79, 24 L. R. A. (N. S.) 214; *C., R. I. & P. R. Co. v. Johnson,* 25 Okla. 762, 107 Pac. 662, 27 L. R. A. (N. S.) 879; *Gulf, Colorado & Santa Fe R. Co. v. Richardson et al.,* 42 Okla. 457, 141 Pac. 1107. It is unnecessary to restate the law on this question again. Reference to the above cases is sufficient.

It is again complained that there was no evidence to establish ownership of the property claimed to have been injured, particularly the real estate. An examination of the testimony shows this claim to be unfounded. The plaintiff testified that he owned lots 11 and 12 in block 3, Crain's Second addition to the city of Altus, and that he lived with his family upon this property at the time of the overflow causing the injury complained of. In fact, the court, in instruction No. 5, specifically submitted this issue to the jury. They, by their verdict, found that the

plaintiff below was the owner of the real estate at the time of the injury, and this finding is supported by the evidence. The plaintiff also testified that he owned the personal property claimed to have been injured. This testimony was not controverted, nor was that as to the ownership of the real estate.

We recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.