### POOS v. KELLY.

No. 9705—Opinion Filed Aug. 10, 1920.

(Syllabus by the Court.)

1. **Contracts—Validity—Public Policy—Performance Involving Party's Inattention to Official Duties.**

A contract entered into by a public official is not against public policy merely for the reason that in the performance of the same he may temporarily fail to give his personal attention to the duties of his office.

2. **Officers—Neglect of Duty—Removal.**

Section 11 of art. 2 of the Constitution provides that a public officer shall give his personal attention to the duties of his office. The punishment for a failure so to do is removal from office or impeachment.

3. **Appeal and Error—Review—Questions of Fact—Verdict.**

The jury, in an action at law, is the exclusive judge of the credibility of the witnesses and the weight and value to be given to their evidence. If the jury has been properly instructed and its verdict approved by the trial court, the same will not be set aside in this court if there is any evidence reasonably tending to support it.

Error from District Court, Pawnee County; Conn Linn, Judge.

Henry C. D. Poos sued on a promissory note executed to him by Ed M. Kelly. Defendant filed a cross-petition alleging indebtedness of plaintiff to him. The jury returned a verdict for defendant in the sum of $272.50, from which judgment the plaintiff appeals to this court. Affirmed.

L. V. Orton, for plaintiff in error.

Edwin R. McNeill and McCollum & McCollum, for defendant in error.

HIGGINS, J. The parties to this suit held the same relative positions in the trial court and will be referred to as plaintiff and defendant in this opinion.

In 1911 defendant executed to plaintiff a promissory note for $825. In 1915 this note was taken up and a new note given for $550, on which there was afterwards a payment of $165 made, leaving a balance due thereon of $385, for which this suit is brought. The defendant admits execution of the note, but pleads as a set-off to same that plaintiff is indebted to him in the sum of $512.50 for house rent, and the further sum of $500 for services rendered in making a trip to the state of Washington for plaintiff in a legal matter. The plaintiff in his reply states that the house rent was deducted from the note of $825 at the time the note in suit was executed; and that he had an agreement with the defendant that he was merely to pay the expenses of the trip to Washington, which he has heretofore done. He further pleads that at the time the trip to Washington was made the defendant was court clerk of Pawnee county and under section 2, art. 11, of the Constitution, was required to give his personal attention to the office; and that if such a contract was entered into, which he denies, the same would be against public policy.

There was a sharp conflict in the evidence as to whether or not all differences between the parties were settled at the time the note in suit was executed, the amount of the house rent, if any, due, and whether or not there was a contract as to payment of defendant for his services in the trip to Washington other than the actual expenses. The trial court held that the contract of employment, if any, upon which the defendant made his trip to Washington, was not in violation of section 2, art. 11, of the Constitution. The jury returned a verdict for defendant in the sum of $272.50, from which judgment the plaintiff appeals to this court.

Plaintiff assigns as error that the court erred in permitting and not permitting certain evidence to be introduced; in refusing to give certain instructions; in holding that a public officer could enter into a contract of employment; and in permitting any evidence to be introduced under the cross-petition, for the reason that the plaintiff claims that the note was given in settlement of all existing indebtedness between the parties and could not be attacked other than for fraud, accident, or mistake.

We have examined the record as to whether or not the court erred in not permitting certain evidence to be introduced and also in refusing to admit certain evidence and in giving certain instructions, and find no error justifying a reversal of the case.

Under the assignment that the contract for the trip to Washington is against public policy and in violation of section 2, art. 11, of the Constitution, this court has heretofore passed upon that contention in Young v. Town of Morris, 47 Okla. 743, 150 Pac. 684, wherein Mr. Justice Sharp, speaking for the court, held that the punishment for failure of an officer to give his personal attention to

the office is either by removal or impeachment as provided by law, citing a long line of authorities in support thereof. We therefore find that the trial court, in holding the contract not against public policy, did not commit error.

The remaining assignment of error is that the court erred in permitting any evidence to be introduced in support of the cross-petition, it being contended by the plaintiff that the note was given in full settlement of all differences between the parties and it could not be attacked in the absence of fraud, accident, or mistake. There was a sharp conflict in the evidence between the parties as to whether or not the note was so given; plaintiff contending that it was so given and the defendant contending that the note was not given in full settlement of the differences between the parties, but that it was agreed and understood between them that they, at some later date, would settle the other matters between them. We have examined the record in the case and find that the court instructed on both theories and that these issues were left as questions of fact for the jury to determine, which it did against the interest of the plaintiff in error.

· It is urged in the brief of the plaintiff that the court erred in permitting any evidence to be introduced in support of the cross-petition of defendant for the reason that this evidence seeks to alter or change the terms of the note. The plaintiff cites no authorities directly bearing on the question that pleading an offset, to the note, of an indebtedness due prior to the execution of the note alters or changes the terms of the contract; and, furthermore, he never, at any time, moved to strike the cross-petition or filed demurrer thereto, but went to trial on the same. He therefore has waived his right to test the sufficiency of the set-off. Wyman v. Herard, 9 Okla. 35, 59 Pac. 1019; First Nat'l Bank v. Colonial Trust Co., 66 Oklahoma, 167 Pac. 985.

The plaintiff complains quite bitterly that the verdict of the jury is a great injustice to him. The jury is the sole judge of the credibility of the witnesses and the weight and value to be given to their evidence, and when it has been properly instructed and its verdict approved by the trial court, this court will not set the same aside if there be any evidence reasonably tending to support it. Clawson v. Cottingham, 34 Okla. 493, 125 Pac. 1114; Wichita Falls & N. W. R. Co. v. Stacy, 46 Okla. 8, 147 Pac. 1194.

Affirmed.

RAINEY, C. J., and HARRISON, JOHNSON, BAILEY, and RAMSEY, JJ., concur.