**KENYON et al. v. JENKINS et al.**

No. 24145.    Jan. 22, 1935.

Howard Davis and Shirk, Danner & Phelps, for plaintiffs in error.

Clarence M. Mills, for defendants in error.

PER CURIAM. This action was com-

menced by the defendant in error H. Jenkins filing in the district court of Oklahoma county, state of Oklahoma, a petition against Helen Clark Kenyon, R. A. Kenyon, Frank R. Ketch, A. T. (Amos) Ketch, G. W. Hamilton, W. B. Hyde, and R. H. Smith, asking foreclosure of a mechanic's lien, which the said H. Jenkins had filed against certain property owned by Helen Clark Kenyon and R. A. Kenyon; and W. H. Hyde, Frank R. Ketch, A. T. (Amos) Ketch, G. W. Hamilton, and R. H. Smith, each filed an answer, wherein each denied the allegations in plaintiff's petition and by cross-petition asked foreclosure of liens which they had filed against the said property of Helen Clark Kenyon and R. A. Kenyon; W. S. Gooding and the Dempster Mill & Manufacturing Company were each allowed to intervene in the case, and each filed answer denying the allegations in plaintiff's petition and by cross-petition asked foreclosure of liens which they had filed against the property of Helen Clark Kenyon and R. A. Kenyon.

When the case came on for trial the defendants Helen Clark Kenyon and R. A. Kenyon confessed judgment as to the claims of W. H. Hamilton, R. H. Smith, W. S. Gooding, and the Dempster Mill & Manufacturing Company, and disputed the claims of H. Jenkins, A. T. (Amos) Ketch, Frank R. Ketch, and G. W. Hamilton, who had done the carpenter work on a house constructed for said Helen Clark Kenyon and R. A. Kenyon. The defendants Helen Clark Kenyon and R. A. Kenyon contended they had entered into a contract with A. T. (Amos) Ketch, H. Jenkins, Frank R. Ketch, and G. W. Hamilton to do the carpenter work on said house at an agreed price of $350. A. T. (Amos) Ketch, H. Jenkins, Frank R. Ketch, and G. W. Hamilton claimed that they had been employed by R. A. Kenyon to do the carpenter work on said house for $1.12½ per hour, and their claims total approximately $905.50. The case was tried before a jury, and the jury rendered a verdict against the defendants R. A. Kenyon and Helen Clark Kenyon in favor of plaintiff, H. Jenkins, and in favor of defendants A. T. (Amos) Ketch, Frank R. Ketch, and G. W. Hamilton upon their cross-petitions for the amounts claimed and for foreclosure of their respective liens. Whereupon judgment was rendered in accordance with the verdict of the jury, and from said judgment plaintiffs in error appeal to this court.

On page 18 of the brief of plaintiffs in error, counsel for plaintiffs in error admit that the instruction of the court properly placed before the jury the issues between plaintiff, H. Jenkins, defendants A. T. (Amos) Ketch, Frank R. Ketch, and G. W. Hamilton upon their cross-petition, and the defendants Helen Clark Kenyon and R. A. Kenyon. Plaintiffs in error, however, complain of the action of the trial court in excluding the expert testimony from the jury to the effect that the work could have been done in a shorter length of time than was charged for by H. Jenkins, A. T. (Amos) Ketch, Frank R. Ketch, and G. W. Hamilton. There was no testimony offered to show that these men did not work the entire time for which they claimed pay, and the testimony of plaintiffs in error showed that the rate of pay charged was the regular carpenters' wage scale in Oklahoma City, at the time this labor was alleged to have been performed. The question of whether these men were performing this work by the hour or were performing same under a contract was fairly submitted to the jury by the court, and the jury found that they were working by the hour.

The authorities cited by plaintiffs in error are not in point, as the question involved in this case was whether or not the defendants in error were employed to perform the work and labor by the hour or whether it was performed under a contract. There is nothing in this case which calls for expert testimony, as there is no question of peculiar skill involved so that when the facts in the case are presented in evidence a person of ordinary understanding and experience could not draw a proper conclusion therefrom. Federal Oil & Gas Co. v. Campbell, 65 Okla. 49, 183 P. 894.

There was no error in excluding from the jury the expert testimony offered by plaintiffs in error, and the judgment of the lower court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys C. E. Dudley, G. M. Barrett, and T. G. Carr in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Dudley and approved by Mr. Barrett and Mr. Carr, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.