## STERLING MILK PRODUCTS CO. v. BROWN.

No. 22994. Sept. 10, 1935.

Owen & Looney and Paul N. Lindsey, for plaintiff in error.

Gomer Smith, Fred M. Hammer, and M. J. Parmenter, for defendant in error.

GIBSON, J. Cecil Brown instituted an action in the district court of Oklahoma county, against Sterling Milk Products Company, a corporation, claiming damages for personal injuries. The parties settled the case without the knowledge or consent of Brown's attorneys. Attorneys' lien claim was properly endorsed upon the petition. The attorneys filed their motion in the original action alleging a written contract with Brown, under the terms of which they were to institute suit against said corporation for the sum of $5,000, and for which services they were to receive 50 per cent. of any sum recovered. Judgment was sought against the defendant corporation for 33 1/3 per cent. of $5,000, the amount sued for. Judgment was entered in favor of the attorneys for $1,666 against the defendant in said action, and the defendant has appealed.

The attorneys, Gomer Smith and Fred M.

Hammer, will be referred to herein as movants, and the defendant, Sterling Milk Products Company, will be referred to as respondent.

This proceeding is based upon section 4103, C. O. S. 1921 (sec. 4207, O. S. 1931), under the terms of which the attorney for the plaintiff may perfect a lien against the defendant in the event the action is settled without the knowledge or consent of said attorney.

This case has previously been before this court. (Sterling Milk Products Company v. Brown, 146 Okla. 302, 294 P. 117.) In that case the court, in considering the means by which an attorney fee may be established under said section, stated as follows:

"An attorney, employed on a percentage contingent fee contract to prosecute a personal injury action for a sum certain, who commences the suit and preserves his lien by endorsing on the petition, 'Attorneys' Lien Claimed,' which suit is thereafter compromised by the defendant with the plaintiff without the knowledge or consent of plaintiff's attorney, by making proof thereof, has made a prima facie case to establish his lien against the defendant under the provisions of section 4103, C. O. S. 1921, for the fee he had contracted for, not to exceed one-third of the sum paid in compromise. Moreover, the attorney may proceed further and make proof of the plaintiff's claim and establish that which the suit might have recovered in case of trial, and thus establish his fee under his contract on his probable recovery, not to exceed one-third thereof."

Respondent says that it was proper for the trial court to enter judgment against it in an amount equal to 33 1/3 per cent. of the sum paid Brown in settlement of the case, but judgment in excess of that amount, in the absence of proof on the part of movants of the extent of Brown's injuries, constituted error. It is contended that to entitle movants to judgment in excess of 33 1/3 per cent. of the amount paid in settlement it was incumbent upon movants to make proof of Brown's claim and to establish the sum he might have recovered if the case had gone to trial, and thus establish their fee, which should not exceed one-third of such probable recovery.

This court, in Orwig et al. v. Emerick, 107 Okla. 134, 231 P. 234, considering the question as here presented, and in construing section 4103, supra, said:

"The language in question, in order to give effect thereto, must be construed to mean that when the attorney has shown a compliance by him with the statute, and the settlement, without notice, by the adverse party, a prima facie case only of liability against the defendant is established, but it then devolves upon the attorney to go forward and show the amount of probable recovery that would have been had in the original action.

"* * * Plaintiff should be allowed to recover, if the suit were instituted in good faith, his percentage of the amount which he may be able to show that his client would have recovered upon the trial, not in excess of 33 1/3 per cent. of such amount."

We agree, in view of the decisions cited, that by making proof of the commencement of the suit against respondent to recover a sum certain, the endorsement upon the petition "Attorneys' Lien Claimed", that the suit was thereafter compromised by defendant and plaintiff without the knowledge or consent of the attorneys, the movants have made a prima facie case against respondent under the provisions of section 4103, supra, for the fee they had contracted for, not to exceed one-third of the sum paid in compromise; that movants were entitled to further recovery by making proof of and establishing the amount which Brown might have recovered in case of trial, and that such further recovery may not be in excess of one-third of Brown's probable recovery which shall include the amount paid in settlement.

At the hearing one of the movants testified that he was acquainted with Brown's physical condition after the injury; that he was using crutches and under treatment by physicians; that the witness had been engaged in the practice of law for about 15 years; that about 75 per cent. of his business was handling personal injury claims; that he had tried several hundred such cases; that had the present case been tried the movants would have been able to obtain and collect a judgment for $4,000 or $4,500; that this opinion was based upon his experience in such matters, together with his familiarity with the manner in which Brown was injured.

The respondent says the court erred in admitting this evidence. It is contended that the same was offered as expert testimony without prior proof of facts upon which to base the opinion of the witness; that there were no proven or assumed facts concerning the extent of Brown's injuries from which the witnesses could formulate an opinion.

The ultimate fact in issue in the present case was the amount of Brown's probable

recovery in the event his case had gone to trial. It is argued that there must be proof of the extent of Brown's injury and that the trial court upon that proof must determine the probable recovery.

In the present case the witness has given in evidence his opinion as decisive of the ultimate fact in issue. As a general rule such evidence cannot be received. If the controlling facts upon which such opinion is based can be so described as to enable the jury (the court in this instance) to determine the question intelligently, the conclusion of the witness should be rejected. 11 R. C. L. 594. The extent of Brown's probable recovery should be controled by the extent of his injuries. His injuries would be the matters considered by the jury in arriving at the amount to be awarded him in damages. The injuries were the controlling facts; when properly presented to the court there is no cause for expert testimony as to their ultimate effect. Kenyon et al. v. Jenkins et al., 170 Okla. 351, 40 P. (2d) 675. There was no attempt in the present case to present to the court the controlling facts. There is nothing in the record to indicate that proof of such facts was not available to the movants. If they had been presented, the court was as competent to draw proper conclusions therefrom as was the witness.

In discussing the rule governing opinion evidence, this court in Federal Oil & Gas Co. v. Campbell, 65 Okla. 49, 183 P. 894. stated as follows:

"As a general rule, a witness should not be allowed to give an opinion as to the existence of an ultimate fact, but this rule is subject to the exception that when the matter involves a question of science or peculiar skill to such a degree that when the facts in the case are presented in evidence it is impossible for a person of ordinary understanding and experience to draw a proper conclusion therefrom, then it is permissible for one skilled in that science or art to state his opinion, to be drawn from the facts proven."

There was no question of science or particular skill involved in the present case. Neither scientific knowledge nor particular skill is required in order to determine what a verdict of a jury and the judgment of the court thereon might be upon a trial of a cause on a given state of facts.

In view of the statements herein contained, the court erred in receiving the opinion of the witness in evidence without first requiring proof of the controlling facts upon which said opinion was based. The judgment is therefore reversed and the cause remanded, with instructions to grant respondent a new trial.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.