## EMPIRE OIL & REFINING CO. v. WEBB.

### No. 27085.   Nov. 24, 1936.

W. H. Bacon, Arrington & Evans, and J. B. Miller, for plaintiff in error.

E. D. Reasor, for defendant in error.

BAYLESS, J. This cause of action originated in the justice of the peace court and was appealed to the county court of Pottawatomie county, where it was tried to a jury, and J. A. Webb, the defendant in error, plaintiff below, received a judgment against the Empire Oil & Refining Company, plaintiff in error, defendant below, in the sum of $60. The parties will be referred to as they appeared in the lower court.

The plaintiff was farming land in 1934 and 1935, adjoining a creek that was used by the

defendant to carry away its refuse or waste from its gasoline plant. The land was located about three-fourths of one mile below the refinery. It is shown that because of the impurities placed in the water by the defendant plaintiff's stock would not drink the water, for which plaintiff claims he was damaged $50 each year, or $100 for both years.

Plaintiff presented his testimony and witness in support thereof, after which the defendant demurred thereto and asked for an instructed verdict. Thereafter the defendant presented its testimony.

The defendant cites four errors in its petition in error, but presents and argues its appeal on the allegation that "the defendant in error did not prove a measure of damages."

The testimony given in support of the plaintiff pertinent to the question is as follows:

"Q. Do you know whether or not the water was fit for your live stock to drink? A. It was not at all times. Q. What, if anything, did you do with reference to having water along that stream analyzed by the state chemist. Did you have it analyzed? A. Yes."

Later in the trial the deposition of the state chemist was presented that showed that the water was unfit for live stock to drink.

"Q. Since the water in Hulin creek was polluted as you have testified to, how have you watered your live stock? A. Watered them at my well at my house. Q. Pump the water out? A. Yes, sir. Q. What do you claim you have been damaged? (Objected to and sustained.) Q. You testified you filed suit for $50 in this case, $50 for each year? A. Yes, sir. Q. Is that the amount you claim you are damaged? A. Yes, sir."

Which question was objected to, overruled, and exception taken. This was the substance of all testimony presented to show the amount of damages the plaintiff sustained.

We could not find any place in the record where the plaintiff gave the jury any basis upon which to calculate or determine the amount of damages, other than his own belief, when he filed his case for $50 for each year.

This court has held in many cases that a witness cannot state his conclusion as to the amount of damage that has been sustained by reason of a legal wrong, and that such a conclusion is to be determined by the jury. See 22 C. J. 504, sec. 598; Sterling Milk Products Co. v. Brown, 173 Okla. 452,

49 P. (2d) 68; 11 R. C. L. 594; Chicago, R. I. & P. Ry. Co. v. Teese, 42 Okla. 188, 140 P. 1166, 52 L. R. A. (N. S.) 167.

On examination of these cases we find that, like the present case, the witness did not give facts that would enable a jury to determine the extent of his injury, but arrived at his own conclusion, which is inadmissible.

The judgment of the trial court is reversed and remanded for a new trial.

OSBORN, V. C. J., and WELCH, CORN, and GIBSON, JJ., concur.