DEPUTY COURT CLERK — LAW LIBRARIAN A full-time deputy court clerk may not serve simultaneously as the librarian of a county law library and receive payment therefor from the Law Library Fund, but there would be no prohibition against such a person serving as librarian at times other than during the usual business hours of the court clerk's office and being compensated therefor out of the Law Library Fund. The Attorney General has had under consideration your letter of September 9, 1970, in which you make the following inquiries: "Question 1. May the Board of Trustees of a County Law Library employ a person, who is a full-time deputy Court Clerk, to perform the duties of law librarian and pay such person a monthly compensation therefor from the Law Library Fund? "Question 2. If you determine our above question in the negative, may such person perform said duties outside of regular office hours and be compensated for same from the Law Library Fund?" As you pointed out in your letter, 20 O.S. 1221 [20-1221] (1969), unless otherwise provided by the Board of Trustees of such libraries, provides that the court clerk is to serve as custodian. If a deputy court clerk served as custodian, or librarian, of a county law library, at the direction of the court clerk, the deputy would be doing only what the law requires of the court clerk and would not be entitled to extra compensation under those circumstances. A different question is presented, however, where the Board of Trustees contacts a deputy court clerk about the possibility of the deputy serving as librarian. 20 O.S. 1208 [20-1208] (1969), gives the Board of Trustees power "to elect all necessary subordinate officers, including a librarian. . . and fix the salary . . . ." Clearly, the Board of Trustees could employ a librarian other than the court clerk. Article II, Section 11 Oklahoma Constitution provides in part: "Every person elected or appointed to any office or employment of trust or profit under the laws of the State. . . shall give personal attention to the duties of the office to which he is elected or appointed." The Oklahoma Supreme Court has held that this does not always mean every official must give full time to his state position; that it is not against public policy for a public official to "temporarily fail to give his personal attention to the duties of his office." Poos v. Kelly,79 Okl. 118, 191 P. 600 (1920); Linson v. Barnes,136 Okl. 237, 277 P. 233 (1929). In this regard, though, we call your attention to our opinion in 2 Okl. Op.A.G. 228 where we were asked if it was lawful and permissible for one person to be employed by a county to serve simultaneously two positions and we held it was not. We feel the reasoning from that opinion, which follows, is applicable here. "A secretary for the Associate District Judge is not an officer but is an employment of trust and profit under the laws of this state. We will assume for the purpose of this opinion that the hours of employment of a secretary for a judicial officer would coincide with the hours spent by such officer in performing his duties, normally when the court house of the county is open for business. These hours of employment for a secretary would be some of the same hours when such judicial officer might need a bailiff in attendance upon his court. It follows, then, that the same person holding both employment as a secretary to the Associate District Judge and the office of bailiff to the court over which such judge presides could not give personal attention to the duties of both the position and office." It is, therefore, the opinion of the Attorney General that your first question be answered in the negative, that is, the Board of Trustees of a county law library may not employ a person who is a full-time deputy court clerk to perform the duties of law librarian (during usual business hours of the court clerk's office) and pay such person a monthly compensation therefor from the law library fund. As noted above the Board of Trustees may "elect all necessary subordinate officers, including a librarian. . . ." (emphasis added) 51 O.S. 6 [51-6] (1961), reads in part as follows: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy or any officer holding any office under the laws of the State." (Emphasis added) If a deputy court clerk is the holder of an "office" and if the county law library position is an "office," the holding of both positions by one person would be prohibited by statute. It is not always easy to determine what is an office and what is not. Many different definitions have been given and many different tests applied; no one definition can be relied on for all purposes and occasions. 67 C.J.S., Offices, 1. A deputy to an officer may or may not be an officer. In Oklahoma City v. Century Indemnity Co., 178 Okl. 212, 62 P.2d 94 (1936), the Supreme Court gave consideration to whether a deputy city clerk was an officer and concluded that he was. The Court found that by general weight of authority, a 'deputy' is a public officer and particularly is this so where provision is made by a statute for the position of deputy. We feel, without determining, that a deputy district court clerk in Oklahoma is an 'officer'. Title 20 O.S. 1208 [20-1208] (1969), implies that the librarian to be employed by the Board of Trustees is an 'officer.' This does not necessarily mean, however, that the implied term is used there in the same sense that is meant in 51 O.S. 6 [51-6] (1961), (dual office holding) supra. In Farley v. Board of Education of City of Perry, 62 Okl. 181, 162 P. 797 (1917), our Supreme Court held that a superintendent of schools was not a public officer. It said: ". . . . While an officer may be appointed by constituted authority, yet in the discharge of his duties he knows no guide but the established law, and cannot be lawfully directed by others in the conduct of his office." The Court then quoted approvingly from Olmstead v. Mayor, 42 N.Y. S.Ct. 481 as follows: "A person 'who receives no certificate of appointment, takes no oath of office, has no term or tenure of office, discharges no duties, and exercises no powers depending directly on the authority of law but simply performs such duties as are required of him by the persons employing him, and whose responsibility is limited to them, is not an officer and does not hold an office, * * * although the persons so employing him are public officers, and his employment is in and about a public work or business."' We then hold that a librarian of a county law library, who simply performs duties required of him by others, is not an officer within the meaning of 51 O.S. 6 [51-6] (1961). We find nothing in the Oklahoma Constitution or Statutes which would prevent an officer or deputy from holding other employment (not an office) which does not keep him from giving "personal attention" to his State office. It is, therefore, the opinion of the Attorney General that your second question be answered in the affirmative. A full-time deputy court clerk may perform the duties of county librarian outside of regular hours of the court clerk's office and be paid for such services. We call your attention to the fact that 19 O.S. 180.65 [19-180.65] (1961) permits a court clerk to employ part-time help. We would see nothing wrong where a person employed part time in the clerk's office is also the county law librarian, provided the library job did not interfere with the duties in the court clerk's office. (NORMAN CANNON) ** SEE: OPINION NO. 74-130 (1974) ** ** SEE: OPINION NO. 74-118 (1974) ** ** SEE: OPINION NO. 87-120 (1987) ** ** SEE: OPINION NO. 92-560 (1988) **